Keith M. Lundin
U.S. Bankruptcy Judge
Dated: 10/13/10



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | § | **Case No. 09-10426** |
| | § | **Chapter 11** |
| **EQUIPMENT FINDERS INC. OF** | § | **Judge Lundin** |
| **TENNESSEE,** | § | |
| | § | |
| Debtor. | § | |

## CONFIRMATION ORDER REGARING
## DEBTOR'S PLAN OF REORGANIZATION

This before the Court upon the Debtor's request for approval of its Amended Plan of Reorganization and was heard on October 12, 2010. At the hearing the Debtor announced that it had further amendments that resolve certain objections filed by Flint Group, Textron Financial, JLG Industries, Access Financial Services, DeLage Landen, and Wells Fargo Equipment Leasing, but that two objections remain, Community First Bank and Alter Moneta. Both parties assert that the "substitution" provision in section 5.02 of the Plan, which establishes a procedure for the Debtor to use insurance proceeds to replace damaged collateral, is not fair and equitable under § 1129(b).

Based on the testimony of the Debtor's President, Scott Hatcher, and the amendments to the Plan proposed by the Debtor, and for the reasons stated orally by the Court on the record which are incorporated herein by reference, the Court finds that the proposed "substitution" provision in the Plan is fair and equitable under § 1129(b)(2) and that the objections should be overruled. It also appearing, based on the proof offered by the Debtor at the hearing, that the Plan satisfies all of the confirmation requirement under § 1129(a) and (b), and accordingly the Plan should be approved, it is

ORDERED that the Debtor's Plan of Reorganization dated August 3, 2010, as amended by the Debtor's First Amendment to Plan Dated October 12, 2010, is hereby confirmed as follows:

2245506 v1
100602-000  10/12/2010

1.	Pursuant to 11 U.S.C. §1141(a), the provisions of the Plan and this Order shall be binding upon the Debtor and any creditor whether or not the claim of such creditor is impaired under the Plan or whether or not such creditor accepted the Plan.  Except as provided in the Plan, all creditors or parties in interest shall be barred from asserting any prepetition claims against the Debtor, and all such parties are enjoined on or after the Effective Date of the Plan from commencing any action or proceeding of any kind against the Debtor and his property with respect to any such claim.

2.	On the Effective Date of the Plan, the property of the Debtor shall remain vested in the Debtor as the Reorganized Debtor under the Plan.  Additionally, all property to be transferred to the Debtor under the Plan will be vested in the Reorganized Debtor free and clear of any liens except for those specifically reserved under the Plan without further order or deed, provided the parties are authorized to execute such documentation that may be deemed appropriate to evidence the transfers. Pursuant to 11 U.S.C. §1142(b), any party needed to execute or deliver any instrument required to clear title, satisfy a lien, or otherwise effectuate a release or transfer contemplated under the Plan, are hereby ordered to do so upon notice by the Debtor without further order of this Court.  Nevertheless to the extent needed, this Court will retain jurisdiction in order to implement the Plan pursuant to 11 U.S.C. §1142 or as otherwise permitted by law, including determinations as to whether creditors are acting reasonably in refusing to agree to the replacement of collateral with insurance proceeds as set forth in section 5.02 of the Plan.

3.	Pursuant to 11 U.S.C. §1146, any instrument of transfer needing to be made of record to implement any provision under the Plan shall not be taxed under any law imposing a stamp tax or similar tax.

4.	All fees payable under 28 U.S.C. §1930 shall be paid on or before the Effective Date of the Plan.

**This order was signed and entered electronically as indicated at the top of the first page.**

100602-000  10/12/2010

- 2 -

Case 3:09-bk-10426    Doc 255    Filed 10/13/10    Entered 10/13/10 15:02:33    Desc Main
Document      Page 2 of 3

APPROVED FOR ENTRY:


*/s/ William L. Norton III*
William L. Norton III,
Bradley Arant Boult Cummings LLP
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2397
bnorton@babc.com
Attorneys for Debtor-In-Possession

2245506 v1
100602-000  10/12/2010

This Order has Been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.